# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Green, :
        Petitioner :
  :
  :
     v. :
  :
  :
Pennsylvania Parole Board, : No. 15 C.D. 2025
        Respondent : Submitted: March 3, 2026

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                          FILED: July 10, 2026

Wesley Green (Green) petitions this Court for review of the Pennsylvania Parole Board's (Board) December 24, 2024 order denying his request for administrative relief. Green is represented in this matter by Kent D. Watkins, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[1] in support thereof. After review, this

---

[1] This Court has explained the use of a no-merit letter as follows:

> Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).
>
> > Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no[-]merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the [Pennsylvania] Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth.

Court grants Counsel's Application, and reverses in part and affirms in part the Board's order.

Green is currently incarcerated at the State Correctional Institution (SCI) at Frackville.[2] On December 9, 2013, Green pled guilty to two counts of aggravated assault and one count of a firearm not to be carried without a license, for which the Philadelphia County Common Pleas Court (Common Pleas) sentenced him to 5 to 10 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1-2. Green's Original Sentence maximum release date was May 2, 2022. On February 1, 2017, the Board paroled Green to be released on May 7, 2017. *See* C.R. at 4-7.

On December 12, 2020, the Philadelphia Police Department (Philadelphia Police) arrested Green for robbery (8 counts), conspiracy to commit robbery (8 counts), and prohibited possession of a firearm (8 counts), and various drug charges (collectively, December 12, 2020 Charges) and placed him in the Philadelphia County Prison. *See* C.R. at 13. Also, on December 12, 2020, Common Pleas set bail on the December 12, 2020 Charges at $150,000.00. *See* C.R. at 175. Green did not post bail. The Board issued a warrant to commit and detain Green on the same date.[3] *See* C.R. at 12. On February 6, 2021, the Philadelphia Police formally charged Green for additional charges of robbery, conspiracy to commit robbery, and prohibited possession of a firearm (February 6, 2021 Charges). *See*

---

2009) ("*Turner* letter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[2] *See* http://inmatelocator.cor.pa.gov (last visited July 9, 2026).

[3] The Board issued and lifted various warrants while Green was in custody awaiting trial on the December 12, 2020 Charges. Relevant here, is the initial warrant that the Board issued on December 12, 2020.

C.R. at 27. Common Pleas set bail on the February 6, 2021 Charges at $120,000.00 on the same date. *See* C.R. at 46. Green did not post bail. *See* C.R. at 25, 46, 89. On May 8, 2024, Green pled guilty to the December 12, 2020 Charges and the February 6, 2021 Charges and Common Pleas sentenced him to an aggregate sentence of 8 to 20 years of incarceration (New Sentence). *See* C.R. at 58.

On August 7, 2024, the Board held a revocation hearing regarding Green's convictions for the February 6, 2021 Charges. *See* C.R. at 28-42. By decision recorded on August 9, 2024 (mailed August 15, 2024), the Board recommitted Green as a convicted parole violator (CPV) due to his convictions on the February 6, 2021 Charges. *See* C.R. at 253. The Board recalculated Green's Original Sentence maximum release date to June 7, 2029. *See id*.

The Board held a separate revocation hearing regarding Green's convictions on the December 12, 2020 Charges. *See* C.R. at 255. By decision recorded on October 18, 2024 (mailed October 24, 2024), the Board recommitted Green as a CPV due to his convictions on the December 12, 2020 Charges. *See* C.R. at 316-17. The Board recalculated Green's Original Sentence maximum release date to August 2, 2029. *See* C.R. at 317.

On August 29, 2024, the Board received Green's Administrative Remedies Form challenging his recommitment due to his convictions on the February 6, 2021 Charges. *See* C.R. at 318. On December 24, 2024, the Board affirmed its decision to recommit Green as a CPV. *See* C.R. at 321. On January 10, 2025, Green, through Counsel, appealed to this Court.[4] On March 28, 2025, Counsel filed the Application and *Turner* Letter. By April 2, 2025 Order, this Court notified

---

[4] This Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

Green that he could obtain substitute counsel at his own expense or file a brief on his own behalf. Green did neither.

Initially,

> "[a] [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)]. However, if the *Turner* letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id*.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

4

Here, Counsel stated in his *Turner* Letter that he reviewed the Certified Record and examined the relevant case law and statutes. Further, Counsel presented the procedural history of Green's case, set forth and addressed the issues Green raised in his administrative appeal, and concluded based on Counsel's exhaustive examination of the record and research that Green's appeal is without merit. Finally, Counsel notified Green in the *Turner* Letter that Green could retain substitute counsel or raise any points which he may deem worthy of merit in a pro se brief filed with this Court. After review, this Court concludes that Counsel complied with the procedural requirements for withdrawing from representation.

This Court next considers the merits of Green's arguments. In his Petition for Review, Green argues: (1) the Board failed to credit him for all time he served pursuant to the Board's warrant; (2) the Board abused its discretion by failing to award Green credit for time he spent in good standing while on parole; (3) the Board violated Green's due process rights by recalculating his Original Sentence maximum release date; and (4) the Board revoked Green's previously awarded street time.

Green first argues that the Board failed to credit him for all time he served exclusively on the Board's warrant while he was incarcerated. This Court has explained:

> "[T]ime spent in custody pursuant to a detainer warrant shall be credited to a [CPV's] original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Gaito v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, . . . 412 A.2d 568, 571 ([Pa.] 1980). Accordingly, "if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Id.* (emphasis in original). Yet, if a

5

defendant "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id*.; *see also Hughes v. [Pa.] [Bd.] of Prob[.] [&] Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018) . . . .

*Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019).

Here, the Board explained, relative to the revocation due to the February 6, 2021 Charges:

> On December 12, 2020, the Board lodged a warrant against [] Green [based on his December 12, 2020 Charges]. On February 6, 2021, he was formally charged with [his February 6, 2021 Charges] in Philadelphia County. He did not post bail. . . . . On May 8, 2024, he was sentenced in [Common Pleas] on [the February 6, 2021 Charges] to serve a new term of incarceration in the SCI. . . . . On August 7, 2024, a non-panel revocation hearing was held. The Board subsequently voted to revoke his parole on August 7, 2024.
>
> Based on the above information, [] **Green is entitled to backtime credit from December 12, 2020 to February 6, 2021 (56 days)**. He did not receive credit from February 6, 2021 to sentencing because he did not post bail and he was not held exclusively on the Board['s]/[Department of Corrections'] warrant. *Gaito* . . . . Thus, he was left with 1,821 - 56 = 1,765 days to serve on his [O]riginal [S]entence based on his recommitment.

C.R. at 320 (emphasis added). However, because Green was *not* in custody on the February 6, 2021 Charges from December 12, 2020 to February 6, 2021 (56 days), as he had yet to be charged, the Board should not have considered the 56 days in reference to Green's February 6, 2021 Charges. Because Green had not been formally charged for those offenses at that time, neither his Original Sentence nor his sentence on the February 6, 2021 Charges could be credited for that time period. Consequently, Green was not entitled to credit on his Original Sentence for those 56 days. Accordingly, the Board miscalculated Green's Original Sentence maximum

6

release date by crediting the 56 days Green was held in custody from December 12, 2020 to February 6, 2021, to his Original Sentence.

The Board's miscalculation, however, does not require this Court to remand the matter to the Board to recalculate Green's Original Sentence maximum release date because when the Board subsequently revoked Green's parole for his convictions related to the December 12, 2020 Charges, the Board properly considered the time Green was held in custody from December 12, 2020 to February 6, 2021. The Board appropriately determined that because Green was held on both the Board's warrant and the December 12, 2020 Charges, and he did not post bail, the 56 days were to be credited to Green's New Sentence, not his Original Sentence, and correctly recalculated his Original Sentence maximum release date to August 2, 2029. *See* C.R. at 317. Accordingly, because the Original Sentence maximum release date of June 7, 2029, on the February 6, 2021 Charges, has no legal effect when the Original Sentence maximum release date was recalculated to August 2, 2029, on the December 12, 2020 Charges,[5] a remand is not required.

Next, Green argues that the Board abused its discretion by not awarding him credit for time he spent in good standing while on parole (i.e., street time). Significantly, "[t]he [B]oard may, in its discretion, award credit to a [parolee] for the time spent at liberty on parole, unless . . . [t]he crime committed during the period of parole or while delinquent on parole is a crime of violence . . . ." Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1). Section 9714(g) of the Sentencing Code defines the term *crime of violence* to include "robbery as defined in [Section 3701(a)(1)(i), (ii), or (iii) of the Crimes Code,] 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery)[.]" 42 Pa.C.S. § 9714(g);

---

[5] June 7, 2029 (the Board's recalculated Original Sentence maximum release date for the February 6, 2021 Charges), plus 56 days correlates to the most recent recalculated Original Sentence maximum release date of August 2, 2029.

*see also Commonwealth v. Griffin*, 207 A.3d 827, 833 (Pa. 2019) ("robbery and conspiracy to commit robbery are defined as crimes of violence under [S]ection 9714(g) [of the Sentencing Code]"). Here, because Green pled guilty to robbery and conspiracy to commit robbery, *see* C.R. at 66, which are crimes of violence, the Board properly denied him credit for the time he spent at liberty on parole.

Green next contends that by recalculating his Original Sentence maximum sentence release date, the Board violated his due process rights by extending his Original Sentence. In *Yates v. Pennsylvania Board of Probation & Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012), this Court held that "[w]hen imposing backtime, the [B]oard directs a parolee to complete the original judicially-mandated sentence and does not impose any additional sentence." *Id*. at 502 (quoting *Epps v. Pa. Bd. of Prob. & Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989)). Accordingly, because Green's backtime consists of his unexpired time on his Original Sentence, the Board did not violate his due process rights by recalculating his Original Sentence maximum sentence release date when it imposed backtime.

Finally, Green argues that the Board improperly revoked his previously awarded street time. Based on this Court's review of the record, the Board never awarded Green street time and it may not do so because, as explained above, he committed crimes of violence enumerated under Section 9714(g) of the Sentencing Code. *See* 61 Pa.C.S. § 6138(a)(2.1). Thus, Green's claim fails.

Because Counsel fulfilled the necessary *Turner* requirements, his Application is granted.[6] However, because the Board improperly credited Green's Original Sentence for his February 6, 2021 Charges for the 56 days he spent in

---

[6] This Court acknowledges that Counsel arrived at a different result than this Court; however, because his analysis was in accord with the Board's analysis, albeit incorrect, he still analyzed the facts and law as required by *Turner*.

custody from December 12, 2020 to February 6, 2021, that portion of the Board's order is reversed. In all other respects, the Board's order is affirmed.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Green, :
               Petitioner :
                :
           v. :
                :
Pennsylvania Parole Board, : No. 15 C.D. 2025
               Respondent :

PER CURIAM

### O R D E R

AND NOW, this 10th day of July, 2026, Kent D. Watkins, Esquire's Application for Leave to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's December 24, 2024 order is REVERSED in part and AFFIRMED in part consistent with this Opinion.

The Prothonotary is directed to serve a copy of this Opinion and Order on Wesley Green.